IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBORAH SARAGINO,

    Plaintiff,

v.                                      Civ. No. 19-282-LPS

ANDREW M. SAUL, Commissioner of
Social Security Administration,

    Defendant.

---

Gary C. Linarducci, Linarducci & Butler, PA, New Castle, Delaware

David F. Chermol, Chermol & Fishman, LLC, Philadelphia, Pennsylvania

    Attorneys for Plaintiff


David C. Weiss, United States Attorney for the District of Delaware, Wilmington, Delaware.

Heather Benderson, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania.

Brian C. O'Donnell, Acting Regional Chief Counsel, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania.

    Attorneys for Defendant

**MEMORANDUM OPINION**

September 29, 2020
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is Defendant's Motion to Remand to the Social Security Administration for further proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). (D.I. 16) Plaintiff, Deborah L. Saragino, opposes Defendant's motion and requests that the Court remand the case with directions that she be paid benefits. (D.I. 17) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons stated below, the Court will grant Defendant's motion and remand the case to the Social Security Administration and deny Plaintiff's request for the payment of benefits.

## II. BACKGROUND

Plaintiff filed her Complaint on February 11, 2019, seeking judicial review pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) of the adverse decision regarding her claims for the period of disability, disability insurance benefits, and supplemental security income. (D.I. 1) Defendant filed a certified copy of the transcript of the record, including the evidence upon which the findings and decisions complained of are based. (D.I. 10) ("Tr.")

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on March 6, 2007. (Tr. 74-76) After her application was denied at the initial and reconsideration levels (Tr. 37-38), Plaintiff and a vocational expert ("VE") appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on March 11, 2010. (Tr. 799-832) The ALJ issued a decision finding that Plaintiff was not disabled, and the Appeals Council subsequently denied Plaintiff's request for review. (Tr. 7-9)

Plaintiff filed an appeal. (*See* C.A. No. 12-138-LPS-CJB D.I. 1) On December 7, 2015, the Court remanded Plaintiff's case for further proceedings. (*Id.* D.I. 19; Tr. 859-932) On

remand, another hearing took place on August 13, 2018, at which Plaintiff and a second VE testified. (Tr. 1413-51) On October 17, 2018, the ALJ issued a decision that was partially favorable for Plaintiff, finding that she was disabled from July 10, 2007 (her amended onset date) through January 2, 2011, but not addressing any period thereafter. (Tr. 838-51, 1416)

Plaintiff then brought this civil action under 42 U.S.C. § 405(g). (D.I. 1; D.I. 15) Plaintiff argues that the ALJ failed to "freeze" her date last insured for DIB, despite finding a period of disability. (D.I. 15 at 3-4) (citing Social Security Programs Operations Manual (POMS) DI 10105.005) She argues that the error resulted in an unadjudicated period of forty-two months (i.e., July 2011 through December 2014). (*Id.*)

The Commissioner now agrees that further evaluation of Plaintiff's disability claim is warranted. (D.I. 16 ¶ 2) Defendant proposes that on remand the Appeals Council refer the case to an ALJ, with instructions to obtain medical expert testimony regarding Plaintiff's residual functional capacity for the period beginning January 2, 2011, through the recalculated date last insured after all prior periods of disability are considered under 20 C.F.R. § 404.130(f). (D.I. 16 ¶ 3) According to Defendant, the Appeals Council will affirm the period of disability that the ALJ previously granted, from July 10, 2007, through January 1, 2011. (*Id.*) The ALJ will also offer Plaintiff the opportunity for a new hearing, take further action to complete the administrative record resolving the above issues, and issue a new decision. (*Id.*)

Plaintiff proposes instead that the Court remand for an award of benefits, not for further proceedings.

## III. LEGAL STANDARDS

### A. Review of the ALJ's Findings

The Court must uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence has been defined as "more than a mere scintilla." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (internal quotation marks omitted). The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

The Third Circuit has explained that:

> A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (*e.g.*, that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the inquiry is not whether the Court would have made the same determination but, rather, whether the Commissioner's conclusion was reasonable. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

3

In determining whether substantial evidence supports the Commissioner's findings, the Court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record. *See Monsour*, 806 F.2d at 1190-91. Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Gonzalez v. Astrue*, 537 F. Supp. 2d 644, 657 (D. Del. 2008) (internal quotation marks omitted).

The Court's review is limited to the evidence that was actually presented to the ALJ. *See Matthews v. Apfel*, 239 F.3d 589, 593-95 (3d Cir. 2001). However, evidence that was not submitted to the ALJ can be considered by the Appeals Council or the District Court as a basis for remanding the matter to the Commissioner for further proceedings, pursuant to the sixth sentence of 42 U.S.C. § 405(g). *See Matthews*, 239 F.3d at 592-93.

### B. Remand For Disability Benefits

Section 405(g) of Title 42, United States Code, defines the role of the Court in reviewing Social Security disability determinations, providing: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

"Oftentimes the remedy prescribed by the court is the relief sought . . . by the Commissioner: a remand for further proceedings. Such relief is specifically authorized by statute, and given the deference owed to administrative agency decisions, is often appropriate." *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 390 (M.D. Pa. 2019). However, as the plain language of

§ 405(g) indicates, the Court is "not limited to ordering a remand for further proceedings." *Id.* Instead, this Court "may choose to remand to the Secretary for a further hearing or simply . . . award benefits." *Id.* (citing *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357-58 (3d Cir. 2008)) (omission in original).

This judgment concerning the proper form of relief in a Social Security appeal rests in the Court's sound discretion. *See Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984); *see also Gold v. Sec'y of Health, Educ., & Welfare*, 463 F.2d 38, 44 (2d Cir. 1972); *Rini v. Harris*, 615 F.2d 625, 627 (5th Cir. 1980); *Tennant v. Schweiker*, 682 F.2d 707, 710 (8th Cir. 1982); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

> [I]n practice any decision to award benefits in lieu of ordering a remand for further agency consideration entails the weighing of two factors: First, whether there has been an excessive delay in the litigation of the claim which is not attributable to the claimant; and second, whether the administrative record of the case has been fully developed and substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.

*Diaz*, 388 F. Supp. 3d at 391. Where both of these conditions have been met, "it is unreasonable for a court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would result only in further delay in the receipt of benefits." *Id.* (internal quotation marks omitted).

In undertaking this two-part analysis, "courts measure th[e] delay both in terms of the passage of years and by reference to whether there have been prior appeals and remands." *Id.* Courts have found that administrative delays of five years or more in cases involving one or two prior remands constituted excessive delays triggering consideration of an award of benefits in lieu of a remand. *See, e.g., Brownawell*, 554 F.3d at 358 (awarding benefits in case involving eight years delay and two prior remands); *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000)

5

(same after ten years and two appeals); *Woody v. Sec'y of Health & Human Servs.*, 859 F.2d 1156, 1162 (3d Cir. 1988) (same after eight years of administrative and judicial proceedings); *Podedworny*, 745 F.2d at 223 (same after five and one-half years of proceedings and two appeals); *Nance v. Barnhart*, 194 F. Supp. 2d 302, 322 (D. Del. 2002) (same after seven years of delay in processing first appeal); *Schonewolf v. Callahan*, 972 F. Supp. 277, 291 (D.N.J. 1997) (same in case involving six years of delay and two prior remands).

In considering the second step, the Court can award benefits "only when [first] the administrative record of the case has been fully developed and [second] when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986). These requirements may be met when the Court finds the record to be "extensive and well developed." *Diaz*, 388 F. Supp. 3d at 391-92 (internal quotation marks omitted). Likewise these elements may be satisfied if the Court "concludes that the medical opinion evidence in a case has been fully developed." *See id.* (citing *Brownawell*, 554 F.3d at 358).

On the other hand,

> [i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.*

"Finally, any evaluation of whether substantial evidence on the record as a whole indicates that the plaintiff is disabled and entitled to benefits should also take into account the procedural posture of a case, and particularly which party bears the burden of proof and production on issues of disability." *Diaz*, 388 F. Supp. 3d at 392.

## IV. DISCUSSION

Plaintiff argues that remand for an award of benefits, rather than for further proceedings, is the only appropriate remedy in this case. (D.I. 17) She argues that remand for further proceedings is unnecessary after twelve years of delay, including two administrative hearings, two ALJ decisions, one Federal District Court decision, and one Appeals Council remand. (*Id.* at 1) She also contends that the record is well- and fully-developed, pointing to the 1400-plus-page record before this Court, including two administrative hearings. (Tr. 799-832, 1412-51) Moreover, in Plaintiff's view, this record contains substantial evidence of her disability not just for the period of July 10, 2007, through January 2, 2011, but also beyond. Plaintiff contends that the ALJ applied the wrong date of last insured, relied on vocational expert testimony that did not support his finding of non-disability, and failed to follow Agency policy with respect to Plaintiff's objections. (D.I. 15 at 5-15) To Plaintiff, providing the ALJ with another opportunity to consider new evidence will only result in further delay in her receipt of benefits. *See Diaz*, 388 F. Supp. 3d at 399.

Defendant argues that the Court should grant the Motion to Remand in order to allow the Commissioner to consider the previously unadjudicated period: January 2, 2011, through the recalculated date last insured for DIB (which the Commissioner acknowledges it must correctly calculate). (D.I. 18 at 2) (citing *I.N.S. v. Ventura*, 537 U.S. 12, 16-17 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision on a matter that

7

statutes place primarily in agency hands. . . . The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.")) Defendant argues that simply because the case has been pending for twelve years does not entitle Plaintiff to an award of benefits. (D.I. 18 at 2) (citing *Heckler v. Day*, 467 U.S. 104, 119 (1984)) To Defendant, the administrative record has not been fully developed and presently lacks substantial evidence that the claimant is disabled (in the unadjudicated period) and entitled to benefits. (D.I. 18 at 2) (citing *Podedworny*, 745 F.2d at 221-22).

The Court has determined that it should grant Defendant's motion and remand for further proceedings. The Court does not reach this decision lightly, and recognizes that this case already involves a dozen years of proceedings and multiple delays. (*See* Tr. 74-76) This case has suffered from excessive delay not attributable to the claimant, and it is delay far lengthier than the delays which in other cases have persuaded courts to award benefits (like the cases cited above). Nonetheless, the Court finds with respect to the second *Diaz* factor that the administrative record is not adequately developed with respect to the period still in dispute and does not yet contain substantial evidence of Plaintiff's disability during that period. The administrative record is incomplete with respect to Plaintiff's residual functional capacity for the period beginning on January 2, 2011 through the (to be recalculated) date last insured. (D.I. 15 at 3) Plaintiff's opening brief admits that the ALJ did not make findings as to which of Plaintiff's impairments were severe or non-severe as of January 2, 2011. (*Id.* at 5)

Thus, the Court will grant the Defendant's Motion in order to allow the Commissioner to consider the previously unadjudicated period.

## V.     CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Remand. (D.I. 16) An appropriate Order will be entered.